UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RHYIAN SZPILA, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-2076 |
| ) | |
| JEROME COMBS DETENTION ) | |
| CENTER and CHAD KOLITWENZEW, ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims two Defendants violated his constitutional rights: the Jerome Combs Detention Center and Correctional Chief Chad Kolitwenzew. Plaintiff says the Defendants violated his "privacy rights" when he was forced to conduct phone calls with his public defender "in front of c/o's and inmates." (Comp., p. 5). Plaintiff filed a grievance and claims the response advised him he should ask for privacy "while these calls happen." (Comp, p. 5). However, Plaintiff says there is no privacy on the housing units. In addition, he did ask to conduct calls in private, but his requests were denied.

1

Plaintiff does not remember the exact dates of every call, but he believes they occurred on January 25, 2021: April 15, 2021; June 2021; July 2021; August 2021; September 2021; and October 27, 2021 in housing units or the "V.A. Court."[1] (Comp., p. 5).

Plaintiff is requesting "restitution" based on the repeated violations of his privacy rights. (Comp, p. 8).

There are multiple problems with Plaintiff's complaint. First, Plaintiff has not identified the appropriate Defendants. Plaintiff cannot sue the Jerome Combs Detention Center because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or a prison, cannot be sued under § 1983); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Plaintiff also has failed to mention Defendant Kolitwenzew in the body of his complaint, and he does not explain how the Defendant was involved in his claims. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)(district court properly

---

[1] Plaintiff does not explain his reference to V.A. Court, but it is possible he was in the Veterans Treatment Court organized by the Veterans Assistance Commission in Kankakee Count. *See* VETERANS TREATMENT COURT, https://k3count vac.com/treatment-court/, (last visited August 31, 2022).

dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Second, Plaintiff has not articulated a constitutional violation. "Plaintiff's allegations as to the monitoring … of his telephone conversations implicate Fourth Amendment protection against unreasonable search and seizure." *Hunt v. Securus Technologies, Inc.*, 2022 WL 1156922, at *2 (C.D.Ill. April 19, 2022), *citing Lieberman v. Portage County*, No. 18-450, 2020 WL 869232, at *4 (W.D. Wis. Feb. 21, 2020) (applying Fourth Amendment to detainee's claims regarding the monitoring of his telephone calls). Courts have held a pretrial detainee using a jail telephone retains "Fourth Amendment rights in keeping conversations with their attorney confidential." *Lieberman,* 2020 WL 869232, at *5 (collecting cases). "But all the courts have agreed on one point: if the inmates were put on notice that their calls were being recorded, the Fourth Amendment claim failed." *Id*. at 7; *see also United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989) ("We believe that it was unreasonable for her to expect that telephone calls she placed to an inmate in a high-security federal penitentiary would be private."); *United States v. Tiner*, 2022 WL 1289353, at *2 (S.D.Ill. April 29 2022)("an expectation of privacy in prisoner or detainee recorded phone calls is unreasonable.").

Plaintiff admits he knew officers and inmates were in the area when he was on the phone and could potentially overhear his conversations with counsel. *See Bryant v. Goforth*, 2010 WL 2367440, at *1–2 (S.D.Ill. June 14, 2010)("It follows that if recording a conversation is permitted, surely (the officer's) presence for a brief time did not interfere with (plaintiff's) consultation.); *Tittle v. Carver*, 2008 WL 4425882, at *8 (E.D.

Wis. Sept. 24, 2008) (detainee did not have reasonable expectation of privacy where guard could overhear his conversation and there was a signed over the door of the sally port to the extent that there was "audio monitoring" on the premises).

Plaintiff does not allege he was prevented from communicating with his attorney, nor that his counsel requested private conversations which were denied, nor that any overheard information was used against him. "Additionally, several district courts in this Circuit have held that attorney-client communications are not privileged when the inmate knew their conversations were being recorded and had no reasonable expectation of confidentiality." *Tiner,* 2022 WL 1289353, at *2 (collecting cases).

Third, Plaintiff's only requested relief is restitution, but Defendants did not take any money or property from Plaintiff which Defendants can restore.

Plaintiff's complaint is therefore dismissed. The Court does not believe Plaintiff can articulate a constitutional violation if given time to amend.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  Plaintiff is again reminded he has earned three strikes. *See Szpila v. Elliot*, Case No. 21-2275 (Jan. 24, 2022 strike); *Szpila v. Elliot*, Case No. 21-2304 (April 7, 2022 strike); *Szpila v. Jerome Combs Detention Center*, Case No. 22-2026 (April 18, 2022 strike). **Therefore, in any future**

**litigation concerning jail or prison conditions, Plaintiff MUST either pay the filing fee in full or clearly state he has earned three strikes pursuant to 28 U.S.C. §1915(g). FAILURE TO PROVIDE THIS INFORMATION WILL RESULT IN THE IMMEDIATE DISMISSAL OF PLAINTIFF'S LAWSUIT.** *See Szpila v. Jerome Combs Detention Center*, Case No. 22-2026, April 18, 2022 Merit Review Order, p. 4.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 1st day of September, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE